**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 MC 30**

| | |
|---|---|
| **JOHN R. NEAL and LEA ANNE NEAL,** ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | **ORDER** |
| **SJEF JANSSEN,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court upon Plaintiffs' Motion to Disburse Property (Doc. 12).

**I.    Background**

On or about July 24, 2000, Plaintiffs obtained a judgment against Defendant in the United States District Court for the Middle District of Tennessee in the amount of $500,000, one half being awarded for compensatory damages and one half for punitive damage.[1] Plaintiffs registered the judgment (Doc. 1) in this district on August 29, 2018.

The next day, Plaintiffs filed a Motion for Expedited Issuance of Writ of Execution Without Notice of Exemptions (Doc. 2), in which they stated, "Plaintiffs are entitled to the immediate issuance of a Writ of Execution to enforce their money judgment."

On September 5, 2018, the Honorable Dennis Howell, United States Magistrate

---

[1] Although not appearing on this court's docket, Plaintiffs' judgment was renewed for an additional ten (10) years on September 15, 2010 by the United States District Court for the Middle District of Tennessee.  Case # 1:98-cv-00119, (Doc. 112).

Judge, directed the Clerk to issue "a Writ of Execution for the enforcement of Plaintiffs' Judgment." (Doc. 3). That same day, a Writ of Execution (Doc. 4) was issued which directed the United States Marshal to satisfy the judgment by demanding payment from the debtor and out of the personal property of the debtor, and if sufficient property could not be found, then out of the real property belonging to the debtor on the day the judgment was entered on the docket of this Court.

On September 12, 2018, the United States Marshal filed a Return of Service (Doc. 9), which indicated that specific property of Defendant, to wit: "Gucci Sunglasses", was levied upon, but not sold.

On October 4, 2018, Plaintiffs filed a Motion to Disburse Property (Doc. 10), which Motion was denied without prejudice by Order dated November 8, 2018. (Doc. 11).

Plaintiffs subsequently filed the instant motion (Doc. 12), requesting an order directing the United States Marshal to disburse the sunglasses directly to Plaintiffs, and crediting $114.00 against the judgment debt.

**II.  Discussion**

Rule 69(a)(1) of the Federal Rules of Civil Procedure states:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Under North Carolina law, a judgment that requires the payment of money or the

delivery of real or personal property may be enforced by execution under Article 28 of the North Carolina General Statutes. See N.C.G.S. §1-302.

An execution may be : 1) against the property of the judgment debtor, 2) against the person of the judgment debtor, or 3) for the delivery of the possession of real or personal property. See N.C.G.S. §1-303.

The form of an execution is governed by N.C.G.S. §1-313(1)-(4). Section 1 of that statute pertains to executions against property, while Section 4 pertains to executions for the delivery of the possession of real or personal property.

Here, Plaintiffs urge the Court to interpret N.C.G.S §1-313(4) as allowing the sunglasses to be disbursed directly to Plaintiffs. However, Plaintiffs do not cite any specific authority to support such a view and N.C.G.S. §1-313(4), on its face, does not provide such authority.

The underlying judgment is for the payment of money, as Plaintiffs recognized when they sought a writ of execution to enforce "their money judgment." (Doc. 2). Consequently, the Writ of Execution contained language similar to that found in Section 1 of N.C.G.S. §1-313, which pertains to executions against the property of a judgment debtor, and directed the United States Marshal to satisfy the judgment by demanding payment from the debtor and out of the personal property of the debtor, and if sufficient property could not be found, then out of the real property belonging to the debtor on the day the judgment was entered on the docket of this Court. The Writ of Execution was not issued pursuant to N.C.G.S. §1-313(4) and did not direct the United States Marshal to deliver the possession of specific personal property, which had been particularly

described, to Plaintiffs.

While the apparent monetary value of the personal property at issue in this case is exceedingly small, the Court nonetheless is bound to follow the applicable legal principles, and as no authority authorizing a disbursement in kind has been located, the instant Motion (Doc. 12) must be denied.

Should Plaintiffs seek to obtain the value of the sunglasses, a sale must be conducted. Plaintiffs will be given an opportunity to express their wishes in this regard. Specifically, Plaintiffs will be directed to file, within ten (10) days of the entry of this Order, a notice advising as to whether they request that such a sale be conducted.

If Plaintiffs do request such a sale, they will be required to pre-pay the reasonable costs of such a sale to the United States Marshal's Service. Additional amounts may be deducted from the proceeds of a completed sale, as may be necessary, with the balance being credited against the judgment.

If Plaintiffs do not request such a sale, or do not file a notice within the designated period, or if a sale is conducted but fails to be completed, the sunglasses will be returned to Defendant.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiffs' Motion for Disbursement of Property (Doc. 12) is **DENIED**.
2. Plaintiffs are **DIRECTED** to file, within ten (10) days of the entry of this Order, a notice advising as to whether they request that an execution sale be conducted.

Signed: March 7, 2019

W. Carleton Metcalf
United States Magistrate Judge